UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID GARRISON,

       Plaintiff,                        FILE NO. 1:04-CV-630

v.                                      HON. ROBERT HOLMES BELL

ROBERT GLENTZ,

       Defendant.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On November 8, 2004, Defendant filed a motion for summary judgment (docket #19). The matter was referred to the Magistrate Judge, who issue a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion and enter judgment for Defendant (docket #38). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #39). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

**I.**

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof."

*Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion. *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

**II.**

Plaintiff raises six objections to the facts as set forth in the R&R, together with seven claims of legal error. The Court will address each in turn.

A.   Factual objections

Plaintiff first objects to the Magistrate Judge's statement that, although Plaintiff was charged with reckless driving, he pleaded guilty to the lesser offense of careless driving,

3

"thus avoiding the potential of another criminal conviction and the revocation of his parole." Plaintiff contends that he did not plead guilty to the lesser offense in order to avoid a criminal conviction and revocation of his parole, but because careless driving was the proper charge in the first instance. The objection is rejected. First, the dispute is not material to the Magistrate Judge's legal conclusions. Second, the Magistrate Judge's statement does not purport to describe Plaintiff's motive; it merely reports the factual consequences of Plaintiff's decision to plead guilty to careless driving.

In his second objection, Plaintiff asserts that the Magistrate Judge improperly accepted as true that the stop sign and stop-ahead signs were clearly visible. He argues that he factually disputed the visibility of the signs. Upon review of Plaintiff's verified complaint and affidavit of fact in opposition to the motion for summary judgment, the Court finds no error. While Plaintiff disputed the accuracy of the picture of the intersection – a picture the Magistrate Judge disregarded – Plaintiff's affidavit did not dispute Defendant's sworn representation that the signs were clearly visible.

Third, Plaintiff contends that Defendant, not the county prosecutor, charged him with reckless driving, and the prosecutor agreed with Defendant that he was only guilty of careless driving. Notwithstanding Plaintiff's objection, it is the county prosecutor, not a state police trooper, who brings charges against an individual in the state courts. Moreover, Plaintiff's objection is irrelevant to the legal resolution of his claims. Plaintiff does not dispute he was

charged with reckless driving and that he subsequently pleaded guilty to the lesser offense of careless driving. The objection therefore is rejected.

In his next two objections, Plaintiff objects to the Magistrate Judge's characterization of his request for discovery. First, he complains that the Magistrate Judge construed the request as one for additional time for discovery. Second, he objects to the Magistrate Judge's characterization of the discovery request as seeking only information on the issue of speeding. The Court has reviewed the reasoning of the Magistrate Judge and finds no error. Although Plaintiff's discovery request also sought evidence directed to his retaliation claim, Plaintiff's failure to dispute that he was speeding while driving through a stop sign was sufficient to establish probable cause for the arrest. As the Magistrate Judge correctly concluded, the presence of probable cause for an arrest precludes a First Amendment retaliation claim that the officer's decision to arrest was actually motivated by the Defendant's speech. *See, e.g., Draper v. Reynolds*, 369 F.3d 1270, 1277 n.11 (11th Cir. 2004); *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2000). The Magistrate Judge was entirely correct in concluding that no other factual dispute was material to resolution of the legal issues before the Court.

In his final factual objection, Plaintiff contends that the Magistrate Judge impermissibly found facts that Plaintiff had endangered others on prior occasions. Plaintiff mischaracterizes the Magistrate Judge's conclusion. Moreover, the language to which Plaintiff objects is immaterial to the legal determination.

B.     Legal objections

Plaintiff asserts that the Magistrate Judge erred in concluding in a footnote that because Plaintiff pleaded guilty to careless driving, he was barred from disputing the existence of probable cause to arrest. Plaintiff asserts that his claim that Defendant was not entitled to rely on another officer's information remained relevant to his claim of false arrest under state law. Plaintiff's objection is groundless. Regardless of whether Defendant was entitled to rely on the information of the other officer, Defendant had probable cause to arrest Plaintiff solely on the grounds that he personally observed Plaintiff speeding and running a stop sign, factual issues Plaintiff does not dispute. Because Defendant had probable cause to arrest, Defendant was entitled to summary judgment on both Plaintiff's Fourth Amendment claim and his state-law claim of false arrest.

Plaintiff next objects that the Magistrate Judge improperly shifted the burden of proof on the issue of qualified immunity. The Court finds that the Magistrate Judge properly assigned the burdens of production and proof in accordance with the law.

The Court also rejects Plaintiff's assertion that the existence of probable cause is a question for the jury. The Magistrate Judge correctly concluded that Plaintiff had failed to demonstrate the existence of a genuine issue of material fact on the issue of probable cause. In addition, the Court finds no error in the Magistrate Judge's conclusion that Defendant had properly articulated uncontroverted facts establishing probable cause.

The Court has reviewed Plaintiff's next two objection concerning whether speeding while driving through a marked intersection is sufficient under Michigan law to establish probable cause to arrest for reckless driving. Contrary to Plaintiff's assertions, the principal cases cited by the Magistrate Judge support his conclusion. In contrast, the authorities cited by Plaintiff in his objections and in his brief in opposition to the motion for summary judgment are entirely inapposite. The determination of the Magistrate Judge therefore is adopted.

Finally, the Court has reviewed Plaintiff's objection to the Magistrate Judge's disposition of his Fifth and First Amendment claims. As the Magistrate Judge correctly noted, the existence of probable cause to arrest precludes Plaintiff's claim that Defendant's actual motive for the arrest was retaliatory. *See, e.g., Curley*, 268 F.3d at 73.

### III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly, the Court will grant Defendant's motion for summary judgment and enter judgment for Defendant. A judgment consistent with this opinion shall be entered.

Date:   September 27, 2005           /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE